UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GORDON MARTINE AND MARIE MARTINE | * | CIVIL ACTION |
| VERSUS | * | NO. 06-4842 |
| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY | * | SECTION B (1) |

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary
Judgment (Rec. Doc. No. 17).  After review of the pleadings and
applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary
Judgment is **DENIED.**

*BACKGROUND*

Plaintiffs Gordon Martine and Marie Martine owned a home
in New Orleans damaged by Hurricane Katrina.  It is undisputed
that Plaintiffs sustained damage from both flood and wind.  Prior
to the storm, Plaintiffs purchased a flood insurance policy by
American Reliable Insurance Company ("American Reliable") and an
additional insurance policy from Republic Fire and Casualty
Insurance Company ("Republic), which Republic alleges to have
contained a typical exclusion for water damage caused by
flooding.  Republic also alleges that Plaintiff's policy with
Republic contained a named storm deductible in the amount of
$2,142.00.

On November 29, 2005, Plaintiffs provided a Notice of Loss
to Republic for damages caused to their residence by Hurricane
Katrina.  Republic paid Plaintiffs $34,411.52 to compensate

1

Plaintiffs for the non-excluded wind damages caused to their residence by Hurricane Katrina.  Plaintiffs had previously, and without notice to Republic, submitted a claim to American Reliable for flood damage to their property.  Plaintiffs received payment from American Reliable in the amount of $86,000.00 for damage.  Thus far, Plaintiffs have spent $78,000.00 to rehabilitate their dwelling.  Plaintiffs submit an expert report estimating that the replacement cost value of the necessary repairs to restore Plaintiffs' dwelling to its pre-Katrina condition is $121,632.30.

With regard to Coverage A (Dwelling), Defendant claims that Plaintiffs have been adequately compensated for the damages to their dwelling, and have completed repairs at a cost of $78,000.00.  Defendant claims that this amount should be used as the cost of repair as opposed to the expert opinion that the replacement cost is $121,632.30.  Defendant also contends that Plaintiffs have received more than their loss and cite case law that an insured may not recover any amount in excess of the loss. Defendant also claims that the Named Storm deductible in the insurance policy in the amount of $2,142.00 should be added to the total amount of flood and insurance payments received by Plaintiffs to show that the Plaintiffs have been compensated for the replacement costs in the total amount of $122,583.52

In addition, Defendant contends that Plaintiffs have failed to establish that the insured peril was the precipitating cause of loss under Part C (Contents) coverage. Finally, in response to

Plaintiffs' arguments about the "Other Insurance" provision, Defendant states that this language does not permit a windfall recovery.

Plaintiffs assert that the "Other Insurance" provision in the insurance policy and the fact that water coverage is provided for in the policy make the cases cited by Defendant that Plaintiffs have the burden of proving causation inapplicable. Plaintiffs also contend that the ambiguity of the contract coverage support an interpretation in a light most favorable to Plaintiffs.  Highlighting the Homeowner's Choice Plus, Plaintiffs assert any exclusion of water damage is negated.  Plaintiffs also claim that the $78,000.00 used to repair the home does not represent the total amount required for repairs, and further claim that Defendant has failed to prove that the replacement cost is limited to $121,632.30.  Finally, Plaintiffs claim that their testimony in recent depositions as to the value of their contents is credible evidence of the value of the property at issue.

### *DISCUSSION*

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

## B.  Recovery Threshold and Recovery Under Part A (Dwelling)

In the Eastern District of Louisiana, the court has held pronounced that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than his or her loss.  *Wellmeyer v. Allstate Ins. Co.,* 2007 WL 1235042 (E.D. La. 2007); *Esposito v. Allstate Ins. Co.*, 2007 WL 1125761 (E.D. La. 2007); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D. La. 2007).  With regard to Coverage A (Dwelling), Defendant claims that Plaintiffs have been adequately compensated for the

4

damages to their dwelling.  Defendant argues that Plaintiffs
have completed repairs at a cost of $78,000.00 and that amount
should constitute the worth of full repairs or loss, despite
the expert opinion offered into evidence that indicates that the
true replacement cost is $121,632.30.  Defendant presents no case
law support as to why the amount noted by the expert witness
should be excluded.  Moreover, Plaintiffs state that the
$78,000.00 used thus far for repairs does not constitute the
completion of such repairs.  Therefore, the $121,632.20 remains
in material factual dispute with regard to the limit of
compensation to which Plaintiffs are entitled.  A trier of fact
must determine whether $78,000.00 or $121,632.20 represents the
amount of loss.

Defendant also notes that a Named Storm Deductible in the
policy in the amount of $2,142.00 should be added to the total
amount of flood and insurance payments received by Plaintiffs to
show that the Plaintiffs have been compensated for the
replacement costs in the total amount of $122,583.52.  If
$122,583.52 constituted the total amount of payment received by
Plaintiffs, the case law in the Eastern District of Louisiana
would support limiting this amount to the amount of loss to
Plaintiffs.  However, the Court does not follow the logic of
Defendant of adding the deductible amount in the form of a
credit, even if Defendant allowed Plaintiffs to escape payment of
said deductible, because the amount actually received by
Plaintiffs to make repairs does not exceed $120,411.32.

Defendant fails to meet its burden for summary judgment as disputes of material facts still remain regarding Coverage A of the Republic policy at issue.

**C. Sufficiency of Evidence Presented**

Defendant contends that Plaintiffs have failed to establish that the insured peril was the precipitating cause of loss under Part C (Contents) coverage.  Louisiana jurisprudence necessitates that a claimant establish that wind is the proximate cause of loss in order to recover under a windstorm insurance policy absent other specific policy limitations or definitions.  In *Lorio v. Aetna Insurance Company,* the Louisiana Supreme Court state, "since in a great number of factual situations it has been shown that wind is often not the sole contributing cause of the loss or damage, acceptance has been accorded the view that is sufficient, in order to recover upon a windstorm insurance policy not otherwise limited or defined, that wind was the proximate or efficient cause of loss or damage, notwithstanding other factors contributing thereto." 323 So. 2d 490, 493 (La. 1970); *see also Bogalusa Gin & Warehouse, Inc. v. Western Assur. Co.,* 199 La. 715, 6 So. 2d 740 (La. 1942).  In order to evaluate Defendant's claim that Plaintiffs failed to present sufficient evidence to support recovery under Part C of the Republic Policy, Louisiana jurisprudence requires a careful examination of policy limitations and definitions.

According to *Aronson v. State Farm Fire and Casualty Co.*, in

6

"an action on an insurance contract the plaintiff has the burden of proving exclusions from coverage." 2007 WL 3015571 (La. App. 4 Cir. 2007)at *3 *see also Davidson v. United Fire & Cas. Co.*, 576 So.2d 586, 590(La.App.4 Cir, 1991).  The insurer bears the burden of proving the applicability of an exclusionary clause. *Landry v. Louisiana Hosp. Service, Inc.,* 449 So.2d 584, 586 (La. App. 1 Cir. 1984).  When policies contain a provision excluding loss caused by water whether driven by wind or not, unless the insured property first sustains actual damage by direct force of wind, and water enters as a result of the wind, the insured parties must prove that both wind created openings and the passage of water through these openings caused the damage at issue under such an exception to the exclusion of water-induced loss.   *Id.* In order to satisfy the aforementioned conditions, the insured need not establish that wind actually created a hole in the structure, but instead must only demonstrate that the direct force of wind created an opening in the buildings through which water entered.   *Id.*

Plaintiffs argue that such an evaluation of the burden of proof as to whether wind or flooding caused the damage at issue is foreclosed by the terms of policy coverage.  Citing "Additional Coverages, (10) Landlord's Furnishings, (b) Windstorm or Hail" (Defendant's Exhibit 6, Part D, p.6), Plaintiffs claim that Republic is obligated to pay for water damage, as well.  According to this section Republic, "will pay up to $2,500 for . . . appliances, carpeting and other household

7

furnishings . . . for loss caused only by the following perils . . . [but] this peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening." This reference along with Plaintiffs' reference to the Homeowners Choice Plus that provides for coverage from damage by "[w]ater which backs up through sewers or drains" and "[w]ater which overflows from a sump even if such overflow results from the mechanical breakdown of the sump pump." (Exhibit 6, part D, pg. 6 of 6) may serve exceptions to the exclusion to water-induced loss.[1]

While there may be exceptions to the water damage exclusion, the Eastern District of Louisiana has ruled in similar cases that no double recovery is permitted. *See Esposito c. Allstate Ins. Co.,* 2007 WL 1125761 (E.D. La. 4/16/07); *see also Weiss v. Alllstate Insurance Company*, 2007 WL 891869 (E.D. La. 3/21/07). When an insured has already received compensation for the full value of his or her property, he or she is not entitled to "recharacterize as wind damage those losses for which he has already been compensated by previously attributing then to flood waters." *Wellheymer v. Allstate Insurance Company,* 2007 WL

---

[1]While there is ambiguity as to the "Other Insurance" provision found in Exhibit 6, part B, Insurance Policy, p.11, this Court finds that its interpretation is not material to the motion for partial summary judgment for coverage under A and C of the Republic Insurance policy at issue.

1235042 at *3.  Because a factual dispute remains as to the value of the property at issue, it also remains unclear as to whether or not full compensation has been received.  Moreover, Defendant simply points out that Plaintiffs have stated that they were unable to testify with respect to whether any property was damaged by flooding and have not proffered any expert opinion with respect to their claim was damaged by an insured peril. However, because the material factual dispute remains as to whether full compensation has been received, it is premature to apply the double recovery restriction if property damaged by water as a direct result of wind could still be at issue, which may constitute an "insured peril" under the Republic Policy.

### *CONCLUSION*

For these reasons Defendant's Motion for Partial Summary Judgment as to Coverage A (dwelling) and Coverage C (contents) is **DENIED.**

New Orleans, Louisiana, this 4th day of January, 2008.

_____
            IVAN L. R. LEMELLE
    UNITED STATES DISTRICT JUDGE